# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN RAY ARD, | ) | 1:03-cv-05338-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (Doc. 1) |
| | ) | AND |
| RAYMOND ANDREWS, Warden, | ) | MOTION TO DISMISS (Doc. 17) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 18, 2003, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, contending that the regulations of the Bureau of Prisons ("BOP") are illegal and have wrongfully resulted in his exclusion from being considered for the sentence reduction provided for in 18 U.S.C. § 3621(e)(2)(B).  (Doc. 1, p. 3).

On April 8, 2003, the Court ordered Respondent to file an answer (Doc. 4), which was duly filed by Respondent on June 17, 2003.  (Doc. 6).   Thereafter, on July 29, 2003, Petitioner filed his traverse.  (Doc. 11).  On April 10, 2006, Respondent filed the instant motion to dismiss the petition, contending that BOP had adjusted his eligibility determination to provide for an early release, thereby rendering the habeas petition moot.  (Doc. 17).  Petitioner has not filed any response to Respondent's motion to dismiss.

///

///

1

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati v. Henman, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati v. Henman, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

Here, Petitioner challenges the manner of the sentence's execution, arguing that the BOP's regulations violate federal law and that he is entitled to participate in a program that would, if successfully completed, result in his early release from custody.

Petitioner is challenging the execution of his sentence rather than its imposition. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at the Taft Correctional Institution, Taft, California, which is within the Eastern District of California, Fresno Division, and Petitioner is in the custody of the BOP, this Court has jurisdiction to proceed to the merits of the petition.

///

///

**EXHAUSTION**

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Western Radio Services Co. v. Espay, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown v. Rison, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992), superceded on other grounds, 42 U.S.C. § 1997(e).

Here, Petitioner has raised his claim at all administrative levels up to the Administrator of National Inmate Appeals. (Doc. 7, Exhs. A-K). Respondent does not raise exhaustion as an issue. Accordingly, the Court finds that Petitioner has appropriately exhausted his administrative remedies.

**DISCUSSION**

A. History of the BOP Regulations.

In 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Paulsen v. Daniels, 413 F.3d 999, 1002 (9th Cir. 2005), quoting the Crime Control Act of 1990, Pub. L. 101-647, § 2903 (codified as amended at 18 U.S.C. § 3621(b)). The statute was amended in 1994 to provide inmates with incentives to complete BOP substance abuse programs by authorizing the reduction of incarceration for prisoners "convicted of a nonviolent offense" who successfully completed such a program. 413 F.3d at 1002. The

amended statute provided that the sentence reduction could not exceed one year.  Id.

The following year, the BOP promulgated regulations excluding from eligibility any prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  Id.  The federal circuits are split regarding whether the BOP had the discretion to further define "crime of violence" as involving a firearm.  Id. at 1003.  This split of authority resulted in the BOP promulgating an interim regulation in 1997 that relied on the discretion of the Director of the BOP in granting a sentence reduction to exclude certain enumerated categories of inmates, rather than upon statutory definitions such as "nonviolent offense" and "crime of violence."  Id.  The BOP made this interim rule permanent in 2000.  Id.

In Paulsen v. Daniels, the Ninth Circuit held that the 1997 regulation "plainly violated" the Administrative Procedure Act and was therefore invalid.  413 F.3d at 1004, 1008.  Therefore, the court reasoned, the "applicable rule is the final rule that was effectuated on December 22, 2000.  The subsequent enactment of the final rule can only have prospective effect."  Id.  Thus, the 1997 interim regulation was deemed "invalid as to those persons disqualified by it prior to the issuance of the final rule."  Id.

B.  Factual Background.

At the time of filing the instant petition, Petitioner was incarcerated at the Taft Correctional Institution, Taft, California, serving a 204 month sentence, based on his 1998 conviction in the United States District Court for the District of Idaho for violating 21 U.S.C. § 846 (conspiracy to distribute methamphetamine), and 21 U.S.C. § 1952(a) (Interstate Travel in Aid of Racketeering).  (Doc. 1, p. 2; Doc. 17).  Petitioner's sentencing guidelines included a two-point enhancement for possession of a firearm pursuant to U.S.S.G. § 2.D.1.1.(b).  (Doc. 17).

On February 7, 2006, Petitioner filed a letter with this Court indicated that his case fell within the ambit of the Ninth Circuit's decision in Paulsen v. Daniels.  (Doc. 16).  Subsequently, Respondent reviewed Petitioner's case and determined that his initial early-release eligibility determination, made by the BOP prior to Paulsen v. Daniels, should be re-examined.  (Doc. 17).

///

1     That initial determination had concluded that Petitioner was not eligible for early release
2 for two reasons: (1) a detainer hold from another jurisdiction; and (2) the two-point enhancement
3 for possession of a firearm during the commission of his offense. (Doc. 17). Under the BOP
4 policy in effect in 1999 when this determination was made, each of those factors would have
5 disqualified Petitioner from early release pursuant to 18 U.S.C. § 3621(e). (Doc. 17). However,
6 both factors appear to have been removed as obstacles: the detainer has been resolved and the
7 Ninth Circuit's decision in Paulsen resulted in a decision by Respondent to adjust Petitioner's
8 eligibility determination for early release. (Doc. 17).
9     At this point, Respondent avers that, should Petitioner continue to fulfill all
10 responsibilities imposed for early release, he will be eligible, in approximately three more years
11 plus the additional time allotted for "community transition," for release "prior to the expiration
12 of his full-term release date." (Doc. 17). For the reasons discussed below, the Court agrees with
13 Respondent that the petition is moot.
14         C. Petitioner's Claim Is Moot.
15     This Court's jurisdiction depends upon the existence of a live "case or controversy."
16 City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983); Mitchell v. Dupnik, 75 F.3d 517, 528
17 (9th Cir. 1996). The Court has no authority to decide "'questions that cannot affect the rights of
18 litigants in the case before [it].'" DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)(citing North
19 Carolina v. Rice, 404 U.S. 244, 246 (1971)).
20     Here, it is undisputed that Petitioner's only claim is the validity of BOP's determination
21 excluding him from eligibility for the early release program pursuant to 18 U.S.C. § 3621(e).
22 It is also undisputed that Respondent made the original determination of non-eligibility based on
23 regulations that have since been invalidated or given only prospective application by the Ninth
24 Circuit in Paulsen. Paulsen v. Daniels, 413 F.3d 999. Finally, it is undisputed that Respondent
25 has re-assessed Petitioner's eligibility in light of Paulsen and has determined that he is in fact
26 eligible for early release. The only relief requested by Petitioner is that he be deemed eligible to
27 be "considered for the sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(b)." (Doc. 1, p. 3).
28 ///

1  Because Respondent has effectively conceded the validity of Petitioner's claim and has
2  already afforded Petitioner the only relief he has requested, there is no live "case or controversy,"
3  the Court cannot make any determination that will substantively affect Petitioner's rights, nor can
4  the Court afford Petitioner any remedy.  Therefore, the instant petition for writ of habeas corpus
5  is moot.  See DeFunis v. Odegaard, 416 U.S. at 316; Mitchell v. Dupnik, 75 F.3d at 528.[1]

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion to Dismiss (Doc. 17) be GRANTED and the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as MOOT.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 30, 2006**          /s/ Theresa A. Goldner
**j6eb3d**                               UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent also contends that the petition should be dismissed because it is not ripe.  (Doc. 17, p. 2). However, because the Court has concluded that the petition is moot, it need not address this alternative basis for dismissal.